IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. HONESTO, D-55459 (aka Pedro Honesto),<br><br>    Plaintiff(s),<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendant(s). | No. C 10-5691 CRB (PR)<br><br>ORDER OF DISMISSAL |

    Plaintiff, a prisoner at Avenal State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that defendants' wrongful conduct resulted in his unconstitutional criminal conviction and imprisonment for second degree murder. He seeks declaratory and equitable relief against the defendants.

### DISCUSSION

A.    <u>Standard of Review</u>

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

The Supreme Court has held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id.

It matters not that plaintiff in the instant § 1983 suit seeks declaratory and injunctive relief, rather than damages, against the defendants, because it is now well established that if success in the § 1983 suit would necessarily imply the invalidity of plaintiff's confinement, as it would here, the § 1983 suit is barred no matter the relief sought. See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).

Plaintiff attempts to plead around Heck's bar by noting that this court (Fogel, J.) recently issued an order to show cause "calling into question

[p]laintiff's conviction as to the claims and facts detailed in this [§ 1983] complaint." Compl. at 6. But the order at issue simply asks the state to answer the claims petitioner raises as a basis for federal habeas relief under 28 U.S.C. § 2254. See Honesto v. Adams, No. C 06-0308 JF (PR) (N.D. Cal. Apr. 30, 2010) (order to show cause). It does not call into question plaintiff's state conviction by the "issuance of a writ of habeas corpus." Heck, 512 U.S. at 487.

Plaintiff's § 1983 suit must be dismissed without prejudice for failure to state a cognizable claim under § 1983. See Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

## CONCLUSION

For the foregoing reasons, the complaint/suit is DISMISSED for failure to state a claim under the authority of 28 U.S.C. § 1915A(b). The dismissal is without prejudice to reasserting the allegations in a new complaint if a cause of actions later accrues.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

DATED: 12/29/2010

CHARLES R BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Honesto, P1.dismissal.wpd

3